OPINION
In the early morning hours of December 2, 2000, Newark Police Department officer Ray Lewis arrested appellant Rocky Hudson in connection with an incident of domestic violence and aggravated burglary. Appellant was taken into custody with some difficulty, and transported to the Newark Police Department. While at the station, appellant became agitated. Appellant was then to be transported to the Muskingum County Justice Center to be held until his arraignment. When appellant learned that he was to be transported out of Licking County, he became very upset, and began kicking the door of the police cruiser. The kicks to the door of the cruiser damaged the cruiser, bending the door frame, and knocking the rear window off its track. Appellant was returned to the Newark Police Station, where he was placed in full restraints before he was taken to the Muskingum County Jail.
Appellant was indicted by the Licking County Grand Jury on felony vandalism, aggravated burglary, and domestic violence. The case proceeded to jury trial. The court entered a directed verdict of acquittal on the charge of domestic violence, and the jury returned a verdict of not guilty with respect to the offense of aggravated burglary. Appellant was convicted as charged of the offense of vandalism. He assigns a single error on appeal:
ASSIGNMENT OF ERROR
 THE STATE OF OHIO FAILED TO ESTABLISH, BY PROOF BEYOND A REASONABLE DOUBT, EVERY ELEMENT OF THE OFFENSE OF VANDALISM CHARGED IN THE INDICTMENT AND, THEREFORE, THE CONVICTION OF THE DEFENDANT-APPELLANT WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE.
Appellant argues that the judgment is not supported by sufficient evidence, as R.C. 2909.05 (B)(2) requires the State to prove that the loss in value to the property be $500 or more, and the State failed to prove that the mechanic who prepared an estimate of the damage to the cruiser examined the same cruiser which was damaged by appellant.
Sufficiency of the evidence is the term of art meaning the legal standard applied to determine whether the case may go to the jury, or whether the evidence is legally sufficient to support the jury verdict as a matter of law. State v. Thompkins (1997), 78 Ohio St.3d 380, 386. Sufficiency is a test of adequacy, and whether the evidence is legally sufficient to support a verdict is a question of law. Id.
Appellant concedes in his brief that Jason Weiser testified that the amount of the estimate to repair the cruiser was $740.45, which exceeds $500. However, appellant argues that the car damaged by appellant was identified by the police officer only as, "car 12," and the officer did not identify the cruiser by its V.I.N. number, while Mr. Weiser identified the car only by its V.I.N. number, and not by its cruiser number. He therefore argues there is no proof that the car for which Mr. Weiser prepared the estimate is the same car damaged by appellant.
Exhibit "B", which was offered and admitted by appellant, is the written estimate prepared by Mr. Weiser. This exhibit identifies the car as being owned by the Newark Police Department. In addition, it states that the license number of the car is "12," and identifies the car by its V.I.N. number, as testified to by Mr. Weiser. Further, the damage as described by Mr. Weiser is consistent with the area of the car which the officers testified appellant had been kicking during his transport.
Appellant also argues that the car for which the estimate was prepared could not have been the same car damaged by appellant, as the estimate was prepared after the car was fixed. The cruiser was damaged on December 2, 2000. Officer Lewis testified that the person responsible for maintenance for the police department put the window back on track, but did not fix the dent in the door, in order for the cruiser to be returned to service by December 6, 2000. The estimate prepared by Mr. Weiser was prepared on December 7, and included only the cost of repairing the damage to the door. The mere fact that the cruiser window was repaired prior to the estimate being prepared, so the car could be placed back in service, does not demonstrate that the vehicle was not the same vehicle damaged by appellant.
In his brief, appellant suggests that Mr. Weiser was not sufficiently experienced to render an estimate, as he had worked for the shop for only one month preparing estimates, and was still in training. However, appellant did not object to Mr. Weiser's testimony at trial. Further, he testified that all estimates he performed during this time period were examined by the man who was training him.
The State presented sufficient evidence that the damage to the cruiser was more than $500. The assignment of error is overruled.
The judgment of the Licking County Common Pleas Court is affirmed.
GWIN P.J., FARMER, J., and WISE, J., concur
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Licking County Common Pleas Court is affirmed. Costs to appellant.